**UNITED STATES of America, Plaintiff,**

v.

**Alesia Marie BROWN, f/k/a Alesia Marie Pinkard, f/k/a/ Alesia Marie Long, f/k/a Alesia Marie Hall, Defendant.**

**Civil Action No. 95–D–783–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

April 11, 1996.

Kent B. Brunson, Patricia Allen Conover, Redding Pitt, U.S. Attorney, U.S. Attorney's Office, Montgomery, AL, for plaintiff.

Alesia Marie Brown, Roanoke, AL, pro se.

### MEMORANDUM OPINION

DE MENT, District Judge.

Before the court is the United States of America's motion filed July 14, 1995, for summary judgment against the defendant, Alesia Marie Brown. The defendant failed to respond to the United States' motion.[1] For the reasons stated herein, the court finds that the United States' motion is due to be granted.

### JURISDICTION & VENUE

Based upon 28 U.S.C. § 1345, the court properly exercises subject matter jurisdiction over this action.[2] Personal jurisdiction and venue are not contested.

### SUMMARY JUDGMENT STANDARD

■ On a motion for summary judgment, the court is to construe the evidence and factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has stated:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

■ In further elaboration on the summary judgment standard, the court has said that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (citations omitted). Summary judgment is improper "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. *See Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir.1989).

### FINDINGS OF FACT

The United States commenced this action on June 8, 1995, on behalf of the United

---

1. The court's order entered July 18, 1995, required the defendant to reply to the motion for summary judgement on or before August 1, 1995.

2. 28 U.S.C. § 1345 states that "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

States Department of Housing and Urban Development ("HUD"). On or about November 18, 1987, the defendant and her former husband, as co-obligors, executed an "Installment Note, Security Agreement and Disclosure Statement" to procure a loan in the amount of $41,431.48.[3] Home Life Housing, Inc., as the secured party, issued the loan and later assigned the Note to Southtrust Mobile Services, Inc., who further assigned the Note to HUD.

The total loan amount, $41,431.48, represents $17,202.54 principal at 14% annual interest. The terms of the loan required payments of $230.24 over 179 months and one payment of $218.52. The loan is governed by the provisions of the National Housing Act, as amended, 12 U.S.C. § 1702, *et seq.*

The defendant divorced her former husband by Decree of the Circuit Court of Randolph County, Alabama, dated January 11, 1991. As part of that Decree, the defendant's former husband was ordered to pay the remaining debt on this Note. Shortly thereafter, payments ceased, and HUD determined the loan to be in default on March 1, 1991. The holder made a claim on October 24, 1991, and then assigned all rights and title to HUD pursuant to 24 C.F.R. § 201.54. HUD paid the claim on April 2, 1992.

Twenty-two payments (plus two Internal Revenue Service seizure payments) have been made since the date of default. As a result, the account has been credited in the amount of $3,024.00 of which $1,827.16 was applied to interest and $1,196.84 to principal. The last payment was made on or about April 3, 1995, for the amount of $50.00.

In the complaint, the United States demands judgment in the sum of $5,188.75 ($5,136.03 principal and $52.72 interest accrued through April 30, 1995); interest to accrue at the rate of 6% per annum from and after May 1, 1995, to the date of judgment; and interest from the date of judgment at the legal rate until paid in full; a surcharge of 10% of the total amount of the debt; costs; and "other proper relief."

**3.** The defendant's former husband, Johnny Pinkard, also was named as a defendant in the complaint. He failed to answer or otherwise move with respect to the complaint; hence, on

## DISCUSSION

The United States properly brings this action under the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3001(a), which "provides the exclusive civil procedure for the United States ... to recover a judgment on a debt." As already stated, the defendant has failed to respond to the United States' motion for summary judgment. The defendant merely has denied in her answer that she is liable for the remaining debt on the Note. Such unsworn assertions are insufficient to create a genuine issue of material fact: "[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading" to defeat a motion for summary judgment. Fed.R.Civ.P. 56(e).

Here, the evidence is unrebutted. In a letter dated August 15, 1994, Marie J. Henry, Collection Officer with HUD, advised the defendant of her continued liability on the debt and stated that HUD would accept monthly payments in the amount of $50.00. Also in evidence is a Certificate of Indebtedness signed by Lester J. West, Director of Debt Management Staff at HUD. He certifies that the defendant owes HUD, on account of said Note, the principal amount of $5,136.00, plus interest. Simply stated, the defendant has defaulted on a loan and is legally obligated to repay the full amount plus interest.

In her answer, the defendant denies liability on the ground that the divorce decree requires that her former husband pay the remaining monies owed on the Note. The defendant cannot succeed on this argument, because there is not evidence that either HUD or its assignors were made a party to the divorce proceeding. *See Blake v. Cisneros*, 837 F.Supp. 834, 837–38 (S.D.Tex.1993). Hence, the court finds that the divorce decree does not prohibit HUD from now seeking to recover sums due and owing.

Such a result may seem harsh to the defendant, as she is now forced to pay a debt

motion by the United States, a default judgment was entered against him on July 17, 1995, in the sum of $5,188.75, plus interest.

that the divorce court ordered her former husband to pay. However, as stated in *Blake,* if terminating a marriage released one spouse from joint and several liability,

> married couples would be unable to secure financing based on their joint resources, as every lender would predicate every marital loan on the ability of each party to individually service the debt in case of divorce. As such a result would wreak unnecessary hardship on most marriages, justice requires that HUD retain its ability to collect the debt....

*Id.* at 838–39. Without expressing an opinion, the court simply notes that Brown may have a legal right to seek indemnification from her former husband. *Id.*

### CONCLUSION

For the foregoing reasons, the court finds that summary judgment is due to be granted in favor of the United States and against the defendant.